**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ADOLFO AUDELIO DE LEON DE LEON,          ) ) ) | |
|       **Petitioner,**    ) | |
| **vs.**          ) | **Case No. CIV-26-213-R** |
|      ) | |
| **KRISTI NOEM, et al.,**    ) | |
|      ) | |
|      **Respondents.**   ) | |

## ORDER

Petitioner, a citizen of Guatemala, entered the United States in November of 1998. On January 4, 2026, Petitioner was placed into removal proceedings when the Department of Homeland Security issued a Notice to Appear [Doc. No. 6-1] charging Petitioner as subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i). The NTA indicates Petitioner is "an alien present in the United States who has not been admitted or paroled" rather than "an arriving alien." Petitioner is currently being detained at the Diamondback Detention Center.

Now before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] claiming violations of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. Petitioner asserts the mandatory detention provision pursuant to which he is currently being detained, 8 U.S.C. § 1225(b)(2)(A), does not apply to noncitizens like him who previously entered the country. Petitioner also claims his detention violates the declaratory judgment issued in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D.

1

Cal. Dec. 18, 2025), wherein the court declared individuals such as Petitioner (noncitizens in the United States who entered without inspection, were not apprehended upon arrival, and are not subject to detention under § 1226(c), § 1225(b)(1), or § 1231) should be detained pursuant to 8 U.S.C. § 1226(a) and thus entitled to a bond hearing. Respondents filed a Response in Opposition [Doc. No. 6]. Petitioner filed a Reply [Doc. No. 7].

The key question in this case is whether Petitioner is properly detained pursuant to § 1225(b)(2)(A) or whether he must instead be detained pursuant to § 1226(a). The issue is significant because § 1225(b)(2)(A) provides for mandatory detention whereas § 1226(a) provides for conditional parole or release on bond pending a decision in the removal proceedings. The Court has addressed this same issue in prior orders. *See Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026).[1] The Court has considered Respondents' arguments, and is aware of recent (nonbinding) authority supporting Respondents' position. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

However, the Court continues to conclude that the better reading of the statutory provisions is that § 1225(b)(2) applies to noncitizens "seeking admission into the country" whereas § 1226 applies to noncitizens "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) ("[T]he difference in treatment between a noncitizen at

---

[1] The Court adopts the reasoning and conclusions set forth in these prior orders.

the border and one already in the United States fits within the broader context of our immigration law."). *See also Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025) (finding that "[t]he manner in which the boxes were checked on [the petitioner's] NTA shows that the Government determined that [the petitioner] was detained under Section 1226(a)" and it "cannot now be heard to change its position to claim that he is detained under Section 1225(b)"); *E.C. v. Noem*, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264, at *8 (D. Nev. Oct. 14, 2025) (rejecting contention that Respondents could sua sponte change classification on the notice to appear)

Here, Petitioner was detained nearly thirty years after arriving in the country. His detention is controlled by § 1226(a) and he is entitled to a prompt bond hearing. This conclusion is in accordance "with the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have addressed the same issues as those raised by Petitioner." *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *2 (W.D. Okla. Jan. 23, 2026).

Accordingly, the Petition is GRANTED in part and Respondents are directed to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a). The remaining claims are dismissed without prejudice.[2]

---

[2] Because the Court finds Petitioner is entitled to a prompt bond hearing based upon the merits of his Petition, it declines to rule on the issue of whether the declaratory judgment in *Maldonado Bautista* is applicable to those like Petitioner. *See also Bah v. Noem*, No. 1:26-cv-00039-CNS, 2026 WL 205642, at *1 n.* (D. Colo. Jan. 27, 2026); *Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *6 (D.N.M. Feb. 11, 2026) (indicating that declaring *Maldonado Bautista* binding would be "premature given the current splits among districts and ongoing procedural uncertainties" and "reach[ing] its conclusion through an independent statutory analysis").

IT IS SO ORDERED this 16th day of March, 2026.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE